**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN COUNCIL OF THE BLIND** | ) | |
| **OF METROPOLITAN CHICAGO, ANN** | ) | |
| **BRASH, MAUREEN HENEGHAN, and** | ) | |
| **RAY CAMPBELL, on behalf of themselves** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff's,** | ) | **No. 19 C 6322** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The City filed a motion for a protective order on September 17, 2021, asking that it not be

obligated to respond to any further interrogatories, including a set of fifteen interrogatories plaintiff,

Heneghan, served on August 19, 2021. [Dkt. #98]. Judge Bucklo held a hearing on the motion on

September 23, 2021, but opted to set a briefing schedule, which was not completed until October 21,

2021, and indicated she would issue a ruling on October 26, 2021. [Dkt. #101]. She then referred

this motion to me for a ruling on November 1, 2021. [Dkt. #109]. For the following reasons, the

City's motion [Dkt. #98] is granted.

There are four named plaintiffs in this putative class action, all represented by the same five

attorneys. On July 22, 2020, they served nine interrogatories seeking eleven years' worth of

information.  The City answered them. On January 26, 2021, Plaintiff, American Council of The

Blind of Metropolitan Chicago, and Plaintiff, Brash, each served a set of interrogatories again

seeking eleven years' worth of information. The American Council of The Blind of Metropolitan

Chicago set included eight interrogatories with forty-three separate subparts. The Brash set included thirteen interrogatories with a total of one-hundred and thirty subparts. The City objected, understandably, but answered them. Plaintiff Heneghan then issued the set of interrogatories currently at issue on August 19th. This set has another fifteen interrogatories one of which has thirty-two supbarts.

Fed.R.Civ.P. 33(a)(1) allows a party to serve "no more than 25 written interrogatories, including all discrete subparts" without stipulation or court order. While attorneys love to argue over counting interrogatories, versus subparts versus discrete subparts, any way one looks at this, we are well beyond twenty-five. The plaintiffs feel each one of them, hoping to represent a class, should get twenty-five separate interrogatories. But, where as here, separate parties are represented by the same counsel and are acting in unison, they may be treated as one "party" for purposes of the limit on interrogatories. *See Stiles v. Walmart, Inc*., 2020 WL 264420, at *4 (E.D. Cal. 2020); *Rahman v. Smith & Wollensky Rest. Grp., Inc*., 2007 WL 1521117, at *8 n.7 (S.D.N.Y. 2007); *Beeman v. Anthem Prescription Mgmt., Inc*., 2017 WL 5564535, at *3 (C.D. Cal. 2017); *Gucci Am., Inc. v. Exclusive Imports Int'l*, 2002 WL 1870293, at *5 (S.D.N.Y. 2002) Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.)("The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation."). As with any discovery dispute that the parties are unable to resolve, this one is committed to the broad discretion of the court. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). And, in this

instance, I find that the plaintiffs have exceeded the Rule 33(a)(1) limit. It is inconceivable that this Federal Rule was not known to plaintiffs' experienced counsel.

Review of their forty-five – at least – interrogatories shows they are not asking questions specific to each one of them, but "acting in unison" to evade the twenty-five question limit. This is not a "bright-line" rule, as the plaintiffs complain; to so argue is to misunderstand the concept of discretion in the resolution of routine discovery disputes. There are, in essence, no bright line rules, or rulings. *See LKQ Corp. v. Gen. Motors Co.*, No. 20 C 2753, 2021 WL 4125097, at *1 (N.D. Ill. Sept. 9, 2021). Plaintiffs' attorneys might have opted to be more conservative in their drafting of interrogatories to get information regarding intersection locations and construction time, and they might have chosen to opt for some give-and-take during the Local Rule 37.2 negotiations over their interrogatories, as the City did. *See, e.g., Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc*., 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp*., 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). But plaintiffs' counsel chose a different strategy. Review of the parties' submissions, however, leads me to the conclusion that plaintiffs have gone a bit too far. Accordingly, the City's motion for a protective order [Dkt. #98] is granted.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/4/21

4