IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN COUNCIL OF THE BLIND OF METROPOLITAN CHICAGO, ANN BRASH, MAUREEN HENEGHAN, and RAY CAMPBELL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19 C 6322 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, the City's motion to compel production of retainer agreements relating to this litigation [Dkt. #106] is denied.

The City has been seeking production of retainer agreements since May 2021, when it served the requests for production now at issue on plaintiffs, ACBM and Heneghan. It later served similar requests on plaintiffs, Campbell and Brash in July 2021. All the plaintiffs objected and refused to produce the documents because it was claimed they were not relevant and sought information protected from disclosure by the attorney-client privilege and work product doctrine.

First, the privilege does not cover things like retainers or fee agreements as those are "incidental to the substance of representation." *United States v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013) "The privilege covers 'only those communications which reflect the lawyer's thinking [or] are made for the purpose of eliciting the lawyer's professional advice or other legal assistance.'" 739 F.3d at 953. Information such as the identity of the client, the amount of the fee, the

identification of payment by case file name, the general purpose of the work performed, and whether an attorney coached a client in his testimony is not privileged. *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp. 3d 889, 895 (N.D. Ill. 2018). Of course, there might be isolated circumstances where a fee agreement could possibly contain legal advice or strategy, and then it can be held to be protected by the privilege. *Stopka v. Am. Family Mut. Ins. Co., Inc.*, 816 F. Supp. 2d 516, 532-33 (N.D. Ill. 2011). Here, however, all we have is plaintiffs rather cryptically suggesting, in a footnote, that the retainer contain "matters that are covered by the attorney-client privilege," but give no indication of what that might be. [Dkt. #116, at 2]. Any claim of privilege as to a document has to be made in a manner that enables one to assess the claim. Fed.R.Civ.P. 26(b)(5). Needless to say, the *ipse dixit* of "matters that are covered by the attorney-client privilege" does not come close to that requirement. "[U]nfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). Accord *Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020)("Notably absent from these allegations, however, is any proposed proof that state actors, not municipal actors, were engaged in this *de facto* discrimination."); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018); *Bowers v. Dart*, 1 F.4th 513, 520 (7th Cir. 2021)("With all of this evidence in mind, we share the district court's conclusion that a rational juror could doubt that Bowers was telling the truth by insisting he could not walk."). *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

But, the real issue here is relevance. It is, of course up to the City to establish that the materials it is seeking are relevant. *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993); *PsyBio Therapeutics, Inc. v. Corbin*, 2021 WL 4459527, at *1 (N.D. Ill. 2021); *Kove IO, Inc. v. Amazon Web Servs., Inc.*, 2021 WL 4516413, at *2 (N.D. Ill. 2021). Considering the matter within the court's extremely broad discretion, *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1116 (7th Cir. 2013), I find the City has failed to do so here.

In the main, the City claims that the retainer agreements are relevant "to the question of ACBM's fitness to act as a class representative" [Dkt. #106, at 5], and directs the court to another brief the City filed before Judge Bucklo on October 29th. [Dkt. #105, at 5-6]. In it, the City claims that ACBM did not comply with its internal voting procedures in determining to file this lawsuit. But, the retainer agreements have no bearing on how ACBM went about deciding whether to sue or whether it did so properly. It is what went on leading up to the retainer agreements that the City has made an issue before Judge Bucklo. The City's brief before Judge Bucklo does not suggest otherwise. Secondarily, the City argues that the retainer agreements are relevant to when the attorney-client privilege may have attached to certain documents created before plaintiffs testified they first spoke to counsel. [Dkt. #106, at 6]. But the City fails to explain how the date of a retainer agreement has any bearing on whether documents created before an individual even consulted an attorney qualify as privileged. And, of course, the privilege can extend to communications with counsel prior to any retainer agreement. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 335 F.R.D. 510, 519 (N.D. Ill. 2020); *Vodak v. City of Chicago*, 2004 WL 783051, at *2 (N.D. Ill. 2004).

For the reasons set forth above, the City's motion to compel production of retainer agreements relating to this litigation [Dkt. #106] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/16/21