IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN COUNCIL OF THE BLIND OF METROPOLITAN CHICAGO, ANN BRASH, MAUREEN HENEGHAN, and RAY CAMPBELL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19 C 6322 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, the plaintiff's motion to compel the City to designate a 30(b)(6) witness on the City's affirmative defenses [Dkt. #120] is denied.

The plaintiff initially sought 30(b)(6) testimony on the City's affirmative defenses over a year ago, in Topic No. "10" – which was actually Topic No. 12 – of a notice served back on November 5, 2020. [Dkt. #120-1]. It is unclear why plaintiff waited until so late in discovery to bring the matter to court. Plaintiff tells us that over those twelve months, it sent the City fourteen letters, and had four "meet-and-confers." While the parties should always attempt to work out their discovery differences in good faith pursuant Local Rule 37.2, somewhere around the eighth or ninth letter in the eight or ninth month anyone would realize the letters were pointless and that precious time was being wasted.[1]

---

[1] These types of email exchanges are far too often caustic and ultimately a waste of time:

> [a]nyone can write a letter. But that does not mean that the recipient will fairly consider the letter before dashing off one of his own that does little more than persist in setting forth his

In one of these email exchanges, on August 20, 2021, the City explained its final stance on a deposition regarding facts supporting its sixteen affirmative defenses. Affirmative defenses 1 (standing), 2 (failure to state a claim), 3 (statute of limitations), 5 (laches), 10 (competing interests weigh in the City's favor) and 12 (the requested modifications are unreasonable or unnecessary) simply stated legal defenses. Persons knowledgeable regarding facts supporting affirmative defenses 5 (laches) and 6 (no damages) were not City employees. Affirmative defenses 7 (the services, programs, and activities are accessible when viewed in their entirety), 8 (the City has provided reasonable access to its services, programs, and activities), 9 (the City has complied with all requirements), and 11 (technical infeasibility) require expert testimony to identify all facts that are relevant. The City said it had already produced documentary evidence as to affirmative defenses 4 (failure to join necessary parties) and 13 ( the facilities at issue were constructed or modified before the effective date of relevant laws or regulations), so testimony would be cumulative. As to affirmative defenses 14 (legitimate reasons exist for Defendant's actions/inactions) and 15 (all actions were in good faith), the City said testimony as to the reasonable beliefs regarding its actions had already been taken in a 30(b)(6) deposition. [Dkt. #120-4, page 2/7].

According to the plaintiffs' motion, despite receiving that final "no" from the City, and despite the discovery deadline of November 29, 2021 [Dkt. #111], plaintiffs did nothing for three

---

        partisan point of view. The letters and the emails that one all too often see do little more than articulate the parties' polar positions with the clash of pretending absolutes left unresolved. Local Rule 37.2 is based on the teaching of long experience that face-to-face [or phone] discussions are far more likely to result in compromise and agreement than is an exchange of letters that are all too easy to brush aside.

*Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. 2014).

months until November 5, 2021[2], when it served a 30(b)(6) notice on the City for the affirmative defense deposition, setting it for November 22, 2021. [Dkt. #120, at 2, 3]. That's the version that is currently at issue and the notice the plaintiff asks the court to enforce, unchanged aside from the elimination of four affirmative defenses since the previous November, asking the City designate a witness to testify as to the "factual basis of Defendant's First, Third, Fifth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses. [Dkt. ##120, at 6; 120-3]. Obviously, the plaintiffs already knew the City would refuse – they had known since August 20th – so all this amounted to was the plaintiffs filing the third discovery motion the court has seen in this case in a matter of just two weeks, at 4 p.m. on November 16, 2021. [Dkt. ##98, 106, 110, 120]. At that point, there were only six business days left in fact discovery; seven if one counts the Friday following Thanksgiving.

"When parties wait until the last minute . . . they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996). As has been emphasized to the parties in this case: "discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." [Dkt. #111]. This, it must be remembered, is not my rule. It is a Local Rule of the United States District Court for the Northern District of Illinois. If the court somehow ruled on plaintiffs' motion *the instant it was filed*, the City would have only five or six days notice to prepare a witness, or witnesses, to testify on plaintiffs' twelve affirmative defense topics. Given how very little time was left in fact discovery by the time plaintiffs belatedly filed their motion, the court

---

[2] The plaintiff did send the City another email explaining the types of information they expected the City's witness to be prepared to testify on. [Dkt. #120-2].

set an extremely short briefing schedule. But, even so, only four days were left before the deadline that plaintiffs selected and had known about – although were clearly unconcerned with – for two months. [Dkt. ##91, 93]. That is insufficient notice for a Rule 30(b)(6) deposition on twelve different, sweepingly broad affirmative defense topics.

Fed.R.Civ.P. Rule 30(b)(1) requires giving reasonable notice of a deposition. "Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case." 8A C.Wright, A.Miller & R.Marcus, Federal Practice & Procedure: Civil § 2111 (1994). The fourteen days Fed. R. Civ. P. 32(a)(5)(a) might be used as a guide. But, the determination of the reasonableness of the notice for a deposition is case-specific and fact-intensive. *Peterson v. Union Pacific R. Co.*, 2007 WL 2701268, at *2 (C.D.Ill. 2007). *Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, at *2 (C.D. Ill. 2012). Based on the facts here, and all that has gone before in this case, the exchange of over a dozen letters, which do not even comply with parties' obligations under Local Rule 37.2 (requiring "consultation in person or by telephone") and multiple disputes left until the final months of discovery, six days is insufficient notice to prepare a witness on these topics. *Cf. Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, at *3 (C.D. Ill. 2012)("Seven business days is not reasonable notice to prepare a witness to testify on all of these [fourteen topics and thirteen sub-] topics."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (denying a motion to compel the deposition of defendant employees after plaintiff unilaterally noticed depositions with 10 business days' notice just over 2 weeks before the discovery cutoff); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669, at *1 (D. Nev. 2013)(holding that 11 days did not provide reasonable notice of deposition where plaintiff's case had been pending nearly a year and the depositions were noticed two weeks before the discovery cutoff). "The plaintiffs were keenly

4

aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period." *Sulfuric Acid*, 231 F.R.D. at 327.

Yet, they delayed for a year after they served their deposition notice. Unfortunately, this approach to the conduct of motion practice occurs all too often. Why it is being done this way is a mystery. Whatever plaintiffs' counsel were thinking here, what they have done is unacceptable. *See Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015)("Those disclosures were due in May 2012, and Flint did not docket her tardy motion – premised entirely on Defendants' malfeasance – until April 2013. Waiting almost a year to request extra time in the face of an opponent's sandbagging is certainly neglect, but not of the excusable variety.").[3] The plaintiffs' motion must be denied.

Even if plaintiffs had not so badly gauged the calendar here, their motion is insufficiently fleshed out. As the party moving to compel discovery, plaintiff bears the burden of proof. *PsyBio Therapeutics, Inc. v. Corbin*, 2021 WL 4459527, at *1 (N.D. Ill. 2021); *Kove IO, Inc. v. Amazon Web Servs., Inc.*, 2021 WL 4516413, at *2 (N.D. Ill. 2021); *Belcastro v. United Airlines, Inc.*, 2020 WL 1248343, at *5 (N.D. Ill. 2020). The determination of whether a movant carries that burden rests within the "extremely broad discretion" of the district court. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

---

[3] Perhaps plaintiffs' counsel simply assumed they would be granted an extension of the discovery deadline. But Fed.R.Civ.P. 16(b)(4) allows "[a] schedule [to] be modified only for good cause and with the judge's consent."). Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the modification. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). I am disinclined to find that waiting a year to file a motion while writing a dozen emails amounted to diligence.

As the City submits, it is not even clear that a Rule 30(b)(6) deposition is an appropriate avenue for delving into a party's affirmative defenses. *See Fed. Deposit Ins., Corp. v. Giancola*, 2015 WL 5559804, at *2 (N.D. Ill.2015); *Fed. Deposit Ins., Corp. v. Giancola*, 2015 WL 5559804, at *2-3 (N.D. Ill. 2015). *See also Bruce v. Cook Cty.*, 2020 WL 11191835, at *2 (N.D. Ill. 2020)(precluding a Rule 30(b)(6) deposition on defenses where contention interrogatories had not been served); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. 2000)("Consequently, the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim."). Courts are not uniform in a stand against using a Rule 30(b)(6) deposition in this manner, and, such cases "do little to handily resolve the dispute . . . ; rather, they merely drive home the point that the factual nuances of each case are what guide the courts." *Giancola*, 2015 WL 5559804, at *3. Or, to put it in somewhat different terms: "The character of every act depends on the circumstances in which it is done." *Schenck v. United States*, 249 U.S. 47 (1919)(Holmes, J.). That is where a court's extremely broad discretion in discovery matters comes into play. *See King v. Ford Motor Co.*, 872 F.2d 833, 838 (7th Cir. 2017). The manner in which plaintiffs have gone about this, as already explained, cuts against exercising that discretion in their favor.

But even setting all that aside, the plaintiffs' motion is simply not convincing. The plaintiffs argue that the City has only lodged meaningless boilerplate objections to the deposition plaintiffs are seeking. [Dkt. #120, at 5]. Indeed, boilerplate objections are unacceptable and all but meaningless. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)(court did not abuse its discretion in deeming facts admitted where plaintiff "provided only boilerplate objections, such as 'relevance' and 'vague and ambiguous.' "); *Extended Care Clinical v. Scottsdale Ins.*, 2021 WL

6

2894163, at *2 (N.D. Ill. 2021)(collecting cases); *Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020). But, when courts decry such objections, they are invariably talking about the unadorned mantra of "vague, overly broad, and unduly burdensome."*Alight Solutions v. Thomson*, 2021 WL 5038775, at *3 (N.D. Ill. 2021);*Ezell v. City of Chicago*, 2021 WL 2136395, at *7 (N.D. Ill. 2021)(collecting cases). But, the City has gone beyond those all-too-common stock objections here, noting that some topics don't rely on underlying facts as they are legal defense, others are in the vein of expert testimony, and as to still others, documentary evidence had already been produced. So, plaintiffs' motion is simply mistaken in that respect.

Plaintiffs also claim that "regarding almost half of its affirmative defenses, the City refuses to designate a witness because those defenses 'simply state legal defenses to your claims.'" [Dkt. #120, at 5]. That would be affirmative defenses 1 (standing), 2 (failure to state a claim), 3 (statute of limitations), 5 (laches), 10 (competing interests weigh in the City's favor) and 12 (the requested modifications are unreasonable or unnecessary) simply stated legal defenses. Obviously, a purely legal defense like "failure to state a claim" should never have been included in a deposition notice in the first place, as it is directed to the allegations in plaintiff's Complaint, and plaintiff has since conceded it was wrong to have done so. [Dkt. # 122, at 2 n.1]. As for standing, the City has agreed to stipulate that does not intend to rely on any testimony from witnesses it controls on the standing defense. [Dkt. #125, at 2].[4]

---

[4] The City has also suggested a better path would be contention interrogatories but, of course, the time for the parties to have negotiated on such matters was back in August, not while briefing a motion filed in the eleventh hour of fact discovery. That being said, there is, of course, nothing to preclude the parties from accommodating one another in this matter, even after discovery closes on November 29, 2021, but they will not have recourse to the court if any disputes should arise. Fact discovery supervision is *over* as of November 29th. There are many other cases in the queue. *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991).

The plaintiff does contend there are underlying factual components even to some of the City's legal defenses. As the plaintiff submits, a defense of laches requires a showing of prejudice, *W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 678 (7th Cir. 2015), which would be a factual matter only the defendant would know about. The only other defenses plaintiff takes issue with are affirmative defenses fourteen (that legitimate reasons exist for the City's actions/inactions) and fifteen (that all actions were in good faith). As already noted, the City's objection as to providing testimony as to these two defenses was that it would be unnecessarily duplicative because "[t]he 'actions' at issue are duplicative of the other topics specified in your 30([b])(6) notice." Plaintiff claims that because the City refused to designate witnesses as to Topic 12 – the affirmative defenses topic – plaintiff could not ask complete questions regarding affirmative defenses in the previous deposition. But the City's point is that, nevertheless, the underlying facts were covered sufficiently in Topics 1-11 of that deposition. And, there is nothing to indicate they were not.

As for the rest, the plaintiffs choose not to address them, apparently assuming the court would research and develop arguments as to the remaining topics in plaintiffs' behalf. [Dkt. #120, at 6]. But, undeveloped and perfunctory arguments are, of course, waived. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1043 (7th Cir. 2021); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). And it is improper for the court to act as counsel for any party. *See, e.g., United States v. Sineneng-Smith*, ―― U.S. ――, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020)*; United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("[I]t is not a judge's job to assist one advocate at another's expense."); *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010)("We will not fill th[e] void by crafting arguments and performing the necessary

8

legal research . . . ."). *United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("[I]t is not a judge's job to assist one advocate at another's expense.").

For the reasons set forth above, the plaintiff's motion to compel the City to designate a 30(b)(6) witness on the City's affirmative defenses [Dkt. #120] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/19/21