Exhibit 5

E-FILED
Wednesday, 02 October, 2024 01:38:58 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **HALEY HEILMAN METCALF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cv-03260** |
| | ) | |
| **MAGGIE BURKE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Plaintiff's Motion for Attorney's Fees (d/e 192), Defendants' Objection to Plaintiff's Motion for Attorney's Fees (d/e 193), and Plaintiff's Combined Reply in Support of her Motion for Attorney's Fees and Motion for Supplemental Attorney's Fees (d/e 205). For the following reasons, Plaintiff's Motions (d/e 192, 205) are GRANTED in part and DENIED in part. The Court, in its discretion, awards Plaintiff $1,350,618.75 in attorney's fees.

## I.    BACKGROUND

Plaintiff, a former inmate at Logan Correctional Center ("Logan"), pursued Eighth Amendment claims arising from Plaintiff's rape by inmate Jennifer Fleming in 2017, against

Page **1** of **15**

Defendants Logan Correctional Center Warden Maggie Burke, Logan Correctional Center Assistant Warden of Operations Beatrice Calhoun, Logan Correctional Center Assistant Warden of Programs Angel Wilson, and Logan Correctional Center Employees Rachelle Aiken, Josh Edwards, Jacob Gerringer, Justin Gannon, Chase Goleash, Kelby Jasmon, Christopher Lynch, Legna Velazquez, Todd Sexton, Nicole Veech and Annette Veech.  See d/e 1.

On February 2, 2024, after a two-week trial, the jury found against Defendants Burke, Wilson, Singleton, Carter, and Gannon and on February 5, 2024, the Court entered judgment for Plaintiff for $2 million dollars in compensatory damages and $2.35 million dollars in punitive damages to Plaintiff.  See d/e 189.

Plaintiff now requests attorney's fees.  Plaintiff's counsel seek attorney fees totaling $ 2,755,537.50. See d/e 205, p. 2.

## II.   LEGAL STANDARD

The Civil Rights Attorney's Fees Awards Act provides that: "[i]n any action or proceeding to enforce a provision of . . . [Section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable fee as part of the costs[.]"  42 U.S.C. § 1988.  The Court's analysis of an appropriate fee

award begins with determining whether a plaintiff is a "prevailing party."  Linda T. v. Rice Lake Area Sch. Dist., 417 F.3d 704, 707–08 (7th Cir. 2005).  If so, the court must determine whether the fees are "reasonable" under the circumstances.  Id.  Requests for attorney's fees may include counsel's time spent preparing fee requests. Muscare v. Quinn, 680 F.2d 42 (7th Cir.1982).

The "starting point" for this inquiry is the lodestar figure—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Estate of Enoch ex rel. Enoch v. Tienor, 570 F.3d 821, 823 (7th Cir. 2009) (citation omitted).  The fee applicant bears the burden of showing the reasonableness of the time requested as well as the hourly rates.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Once this figure is determined, the court considers the factors set out in Hensley and may adjust the fee award accordingly.  See Tienor, 570 F.3d at 823.  These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment

by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3.

### III. ANALYSIS

#### A. Plaintiff is a Prevailing Party.

Plaintiff's counsel prevailed in securing a $4.35 million judgment against Defendants Burke, Wilson, Singleton, Carter, and Gannon. See d/e 189. Defendants do not dispute that Plaintiff was a prevailing party. See d/e 193, p. 1. Plaintiff's counsel present an amended lodestar $1,189,368.75, see d/e 205, calculated using their proffered hourly rates, see d/e 192, p. 2. Defendants also do not dispute those rates. See d/e 193.

#### B. Plaintiff is Entitled to Fees Relating to Her Claims Against Defendants Against Whom She Did Not Prevail.

Defendants argue that, because Plaintiff was only a prevailing party on her Eighth Amendment claim against Defendants Burke, Wilson, Singleton, Carter, and Gannon, attorney's fees related to the claims against the other Defendants are not recoverable.

When a plaintiff makes a "claim for relief that relates to several defendants, not all of whom are held liable, the total time expended on the claim for relief should be counted in awarding the plaintiff attorney's fees so long as the defendants from whom plaintiff did not obtain relief were not named frivolously." Mary Beth G. v. City of Chi., 723 F.2d 1263, 1281 (7th Cir. 1983). In many civil rights cases, "plaintiff's claims for relief involve a common core of facts or will be based on related legal theories." Hensley, 461 U.S. at 435.

"Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440. But see Jackson v. Ill. Prisoner Review Bd., 856 F.2d 890, 894 (7th Cir. 1988) ("Time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable."). In a case with related claims, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435.

Defendants argue that "Plaintiff is not entitled to fees related to defendants against whom she did not prevail," but that some of

Plaintiff's requested "fees are related only to defendants who either were granted summary judgment, were voluntarily dismissed, prevailed at trial, or against whom the jury was unable to reach a verdict." d/e 193, p. 3. Plaintiff has "withdrawn entries [that] reflect time that Plaintiff agrees was spent on matters that were solely relevant to a Defendant against whom Plaintiff did not prevail," while leaving entries that "reflect time that Plaintiff appropriately spent to prepare her claims against all Defendants, even if the jury ultimately determined that many, but not all, Defendants were liable to Plaintiff." d/e 205, p. 3.

The Court finds that Plaintiff may recover attorney's fees related to all Defendants. Plaintiff's claims against Defendants Burke, Wilson, Singleton, Carter, and Gannon and her claims against the other nine Defendants involved a common core of facts: how Logan Correctional Center officials and staff individually and collectively responded to her requests for help, the rape by Jennifer Fleming and its aftermath. As such, the successful and unsuccessful claims were not "unrelated." Hensley, 461 U.S. at 440 (a claim is unrelated if it is "distinct in all respects from [plaintiff's] successful claims.").

Four Defendants prevailed at trial, see d/e 189, the jury could not reach a decision on two Defendants, see id., and four Defendants prevailed at summary judgment, see d/e 129. But their relationships to the events in the case were interrelated with and based upon the factual nexus of Plaintiff's successful claims. See Jaffee v. Redmond, 142 F.3d 409, 413 (7th Cir. 1998) ("Hensley makes clear that when claims are interrelated, as is often the case in civil rights litigation, time spent on successful claims may be compensable if it also contributed to the success of other claims.").

The time Plaintiff's counsel spent investigating the Defendants against whom Plaintiff did not prevail elicited information that was eventually presented to the jury. This included Defendant Veech's testimony about Defendant Gannon and Defendant Velazquez's testimony about Defendant Burke. This Court has already determined that Plaintiff's claims against the six Defendants against whom Plaintiff did not prevail were not frivolous when it denied Defendants' motion for summary judgment. See d/e 129. Thus, the Court will not categorically exclude time spent on interrelated claims against Defendants against whom Plaintiff did not ultimately prevail, yet who were not named frivolously.

**C. Plaintiff's Amended Time Entries Are Not Duplicative.**

Defendants assert that Plaintiff included "many duplicate entries" in the billing records.  d/e 193, p. 4.  Defendants point out several examples: multiple attorneys attending the same conferences, meetings, and deposition in September and December 2023 and January 2024, and four attorneys and a paralegal traveling to Springfield and attending the entire trial, including two attorneys who did not question "plaintiff, her experts, or the defendants against whom plaintiff prevailed."  Id. at pp. 4–5.

Plaintiff has removed time entries for which it "might be debatable" whether they are duplicative, but Plaintiff asserts that "[t]he vast majority of the challenged time is not duplicative, but instead shows different members of Plaintiff's team handling different aspects of a particular task." d/e 205 at p. 5.

Courts can reduce awards where the collaboration among attorneys has led to duplicative work and excessive billing. See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 857–58 (7th Cir. 2009) ("[D]istrict courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees.").  However, while "the tendency of law

firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time," <u>Jardien v. Winston Network, Inc.</u>, 888 F.2d 1151, 1160 (7th Cir. 1989), the mere fact that "two lawyers have billed for the same task does not mean that the hours should be deducted." <u>Gibson v. City of Chi.</u>, 873 F. Supp. 2d 975, 989 (N.D. Ill. 2012); <u>see also</u> <u>Tchemkou v. Mukasey</u>, 517 F.3d 506, 511–12 (7th Cir. 2008) ("The practice of law often, indeed usually, involves significant periods of consultation among counsel. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's trying to wade through the issue alone.").

This case was a complex, lengthy matter, culminating in a two week-long trial. It is reasonable for multiple attorneys to be staffed on such a large-scale matter, each with different roles and some assigned to non-frivolous Defendants against whom Plaintiff did not prevail. That an attorney did not cross examine his client, his client's experts, or defendants against whom his client prevailed does not render his work at trial duplicative. Accordingly, the Court declines to reduce Plaintiff's fee for duplicative billing.

**D. Plaintiff's Amended Time Entries Are Not Vague.**

Defendants argue that several of Plaintiff's time entries are vague as to which Defendants the listed work concerned.  d/e 193, p. 5.  Defendants highlighted those time entries in green.  d/e 193, Ex. 1 and 2.  Plaintiff "amended the narratives for most of those entries to add details" as to the relevant witness or work and removed from her request entry portions for which "insufficient additional information was available." d/e 205 p. 9.

"[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage."  Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000).  The district court must "provide a concise but clear explanation of its reasons for the fee award" that is sufficient to permit appellate review.  Hensley, 461 U.S. at 437.

The Court has reviewed the billing entries, highlighted in green, identified in Defendants' Ex. 1 and 2 and Plaintiff's Ex. 2. The Court agrees with Defendants that several of the original challenged entries contained an unsatisfactory cursory description. However, Plaintiff's revisions included the subjects of depositions

and trial preparation. The amended entries sufficiently clarified the challenged vague entries that were not struck. Therefore, Plaintiff's remaining entries are not vague.

### E. Plaintiff May Be Awarded Fees for Work Related to Witnesses They Did Not Call at Trial.

Defendants argue that Plaintiff included "entries related to witnesses who were never called for trial"—including Elbonie Burnside, December Melville, Crystal Cruz, Colton McCarthy, and Clara Charron—highlighted in blue. d/e 193, p. 5. Additionally, Defendants argue that, while Plaintiff lists entries related to the emergency motion to compel witness Myron Neisler and Defendant Jasmon, "[n]othing related to plaintiff's emergency motion to compel resulted in usable information and these fees should be denied" because Plaintiff decided not to use information about either one and did not prevail against Jasmon. Id. at 6. Plaintiff counters that since it was Defendants who identified Burnside and Cruz "as witnesses to dispute Plaintiff's claim of sexual assault," and Charron, McCarthy, and Melville "as potential defense witnesses," time spent assessing those witnesses was reasonable. d/e 205 p. 10.

That lawyers "spend some time in blind alleys is irrelevant; this is inevitable, and the hourly rate reflects the fact that not all time is equally productive." <u>Kurowski v. Krajewski</u>, 848 F.2d 767, 776 (7th Cir. 1988). "It would be possible, but silly, to bill $150 for productive time and nothing for other time; the standard hourly rate reflects the standard productivity of time." <u>Id.</u>

The Court has reviewed the billing entries, highlighted in blue, identified in Defendants' Ex. 1 and 2. Defendants offer no authority for their claim that Plaintiff's contacts with Defendant-identified witnesses "that turned out to be unnecessary" are unreasonable. It was reasonable for Plaintiff to think that all of the witnesses who Defendants identified as relevant might hold relevant information. Additionally, this Court granted Plaintiff's requested depositions of Neisler and Defendant Jasmon as reasonable. Jan. 19, 2024 Text Order. The Court, therefore, finds Plaintiff's fees related to witnesses she did not ultimately call to be reasonable.

### F. Plaintiff's Amended Entries Do Not Include Activities Unrelated to this Litigation.

Defendants identified several of Plaintiff's entries "that appear to have little or no relevance to litigating her claims" highlighted in

pink. d/e 193, Exh. 1 and 2. Plaintiff's Reply removed those time entries, resolving this contention. d/e 205, p. 13.

### G. Plaintiff is Not Entitled to a Multiplier.

The Court may adjust the lodestar amount based on the 12 Hensley factors. 461 U.S. at 436. However, there is a "strong presumption" that the lodestar amount represents the reasonable fee. Perdue v. Kenny A., 559 U.S. 542, 554 (2010); City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Plaintiff requests a fee multiplier of two. d/e 192, p. 15; 205 p. 13. Defendants oppose the application of a multiplier. d/e 193, p. 7.

A judge does not have "unlimited" discretion to award attorney's fees, and "[i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement." Perdue, 559 U.S. at 558. In Perdue, the Supreme Court held that when calculating an award under Section 1988, "there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee."

Page **13** of **15**

Id. at 554; see also Anderson v. AB Painting and Sandblasting Inc., 578 F.3d 542, 544 (7th Cir. 2009) (quoting Hensley, 461 U.S. at 434 n.9) ("However, 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'").

In support of the requested enhancement, Plaintiff points to the following: (1) the success obtained; (2) the case's degree of novelty and complexity; and (3) counsel Sarah Grady and Howard Kaplan's "mastery of the facts and the law." d/e 192. These, however, do not support an enhancement, as they are already included in the lodestar calculation. See Purdue, 559 U.S. at 553 (noting that "the quality of an attorney's performance generally should not be used to adjust the lodestar" because it is "normally [] reflected in the reasonable hourly rate," and the "novelty and complexity of a case generally may not be used as a ground for an enhancement" because they are presumably reflected in the attorney's billable hours) (internal citations omitted); see also City of Burlington, 505 U.S. at 562–65 (noting that "an enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar[,]" and concluding that "no

Page **14** of **15**

contingency enhancement whatever is compatible with the fee-shifting statutes").  Moreover, enhancements should not be awarded without "specific evidence that the lodestar fee would not have been 'adequate to attract competent counsel.'" Purdue, 559 U.S. at 554 (citation omitted).  Plaintiff has not presented such evidence. Accordingly, the Court, in its discretion, declines to increase or otherwise adjust Plaintiff's amended lodestar calculation.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees (d/e 192, 205) is GRANTED in part and DENIED in part. Specifically, the Court finds the amended time entries appropriate and the multiplier inappropriate. The Court, in its discretion, awards Plaintiff the amended initial amount of $1,189,368.75, plus the requested $161,250.00 for counsel's work since submitting the original fee petition. This results in a total attorney's fee of $1,350,618.75.

**ENTERED:  October 2, 2024.**
**FOR THE COURT:**

**/s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**